# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-30259

———

TYRONE TAYLOR; LEO HAMMOND; GREGORY HAMMOND

Plaintiffs - Appellees

v.

STEVEN PAYNE; WILLIAM MARKS; ERIC SMITH; EARL RAZOR; CITY
OF NEW ORLEANS

Defendants - Appellants

———

Appeal from the United States District Court
for the Eastern District of Louisiana

———

Before JONES, Chief Judge, and GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:[*]

Defendants Steven Payne, William Marks, Eric Smith, and Earl Razor, former New Orleans police officers, appeal the district court's denial of their motion for partial summary judgment. Having no jurisdiction over this appeal, we DISMISS.

Plaintiffs in this case brought a § 1983 suit against the defendant police officers in their individual capacities, claiming violations of their rights under the Fourth and Fourteenth Amendments relating to their arrests on charges of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug possession.[1]    The plaintiffs' claims include allegations that the search warrant used in gathering evidence for the arrest was predicated on false and misleading statements, that, during the course of their arrest, drugs were planted at the scene and plaintiffs' money was stolen, and, finally, that the subsequent police report detailing the circumstances of the arrest was false.

In their motion for summary judgment, the defendants countered by claiming qualified immunity.  The district court granted summary judgment for Marks, Smith, and Razor with respect to the procurement and execution of the warrant.  But the district court also found that genuine issues of material fact existed as to the other claims made by the plaintiffs against the officers and accordingly denied the motion for summary judgment as to those issues.  The defendants appeal that decision.

We have limited jurisdiction over appeals from denials of summary judgment.  See Reyes v. City of Richmond, 287 F.3d 346, 350–51 (5th Cir. 2002).  Our review in this context is limited to determining whether the issues over which the district court determined there was a genuine dispute are material.  Id.  And "[a]n officer challenges materiality when he contends that 'taking all the plaintiff's factual allegations as true no violation of a clearly established right was shown.'" Id. at 351 (quoting Cantu v. Rocha, 77 F.3d 795, 803 (5th Cir. 1996)).  Here, it is evident from the defendants' arguments that they do not wish us to take all the plaintiffs' factual allegations as true.  Thus, although we make no determination as to the likelihood that a judgment in favor of the plaintiffs would be upheld on later appeal, we are without jurisdiction to consider the defendants' instant appeal.  We therefore DISMISS.

---

[1] All charges against the defendants were eventually nolle prosequied.